```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :
          - v. -                   :     SEALED SUPERSEDING
                                   :     INFORMATION
JASON SAGER,                       :
                                   :     S11 17 Cr. 243 (SHS)
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - x
```

COUNT ONE
(Wire and Bank Fraud Conspiracy)

The United States Attorney charges:

1.  From at least in or about 2009 through at least in or about March 2019, in the Southern District of New York and elsewhere, JASON SAGER, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud in violation of Title 18, United States Code, Section 1343 and bank fraud in violation of Title 18, United States Code, Section 1344, to wit, SAGER conspired with others to defraud individuals and financial institutions, in connection with the conduct of telemarketing, as that term is defined in Title 18, United States Code, Section 2325, which did victimize ten and more persons over the age of 55, and did target persons over the age of 55.

2.  It was a part and an object of the conspiracy that JASON SAGER, the defendant, and others known and unknown, would

and did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

3. It was a further part and an object of the conspiracy that JASON SAGER, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 2326.)

### COUNT TWO
(Aggravated Identity Theft)

The United States Attorney further charges:

4. From at least in or about 2009 up to and including at least in or about March 2019, in the Southern District of New

York and elsewhere, JASON SAGER, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, SAGER used and transferred names, social security numbers, bank routing and account numbers, and credit card numbers of individuals in furtherance of the bank and wire fraud conspiracy charged in Count One of this Superseding Information.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT THREE
(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

5. From at least in or about 2009 up to and including at least in or about March 2019, in the Southern District of New York and elsewhere, JASON SAGER, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

6. It was a part and an object of the conspiracy that JASON SAGER, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity,

would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

7.  It was a further part and an object of the conspiracy that JASON SAGER, the defendant, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION

8.  As a result of committing the offense alleged in Count One of this Superseding Information, JASON SAGER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offense.

9.  As a result of committing the offense alleged in Count Three of this Superseding Information, JASON SAGER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

SUBSTITUTE ASSET PROVISION

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
     Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

*[signature]*
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JASON SAGER,

Defendant.

**SEALED SUPERSEDING INFORMATION**

S11 17 Cr. 243 (SHS)

(18 U.S.C. §§ 1028A, 1349, 1956, and 2)

GEOFFREY S. BERMAN
United States Attorney.