UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA
:
          - v. -                                     AMENDED CONSENT
                                           PRELIMINARY ORDER OF
: FORFEITURE AS TO SPECIFIC
JASON SAGER,                                  PROPERTY/MONEY JUDGMENT
:
            Defendant.                              S11 17 Cr. 243 (SHS)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 15, 2021, a three-count superseding information, S11 17 Cr. 243 (SHS) (the "Information") was unsealed charging JASON SAGER (the "Defendant") with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1349 and 2326 (Count One); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1), 1028(A)(b), and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged

in Count Three of the Information, or any property traceable thereto to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Information;

WHEREAS, on or about November 14, 2019, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Three of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461 (c), any and all property constituting, or derived from, any proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing all property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about March 15, 2021, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property, forfeiting to the United States all of the Defendant's right, title and interest in the following:

      a. TD Bank, Account #4265424120, held in the name of WOM Distribution;

      b. TD Bank, Account #4284074964, held in the name of WOM Distribution;

      c. TD Bank, Account #4284074980, held in the name of WOM Distribution;

      d. BrightStar Credit Union, Account #0000894260603, held in the name of Tax Pilot;

    e. BrightStar Credit Union, Account #89426000, held in the name of Tax Pilot;

    f. First National Bank of Long Island, Account #197002421, held in the name of DV Business Plans;

    g. First National Bank of Long Island, Account #197002439, held in the name of DV Business Plans

    h. First National Bank of Long Island, Account #197002447, held in the name of DV Business Plans;

    i. Bank of America, Account #483073086429, held in the name of Sunrise Accounting;

    j. Suffolk County National Bank, Account #410073209, held in the name of Ocean Business;

    k. BB&T Bank, Account #0000242201493, held in the name of Odyssey Tax and Accounting;

    l. TD Bank, Account #4350721514, held in the name of Empire;

    m. Bank of America, Account #898077216408, held in the name of Spearhead Branding Inc.;

    n. any and all funds held on reserve by Vision Payment Systems for DV Business Plans, EIN: 47-3692891;

    o. any and all funds held on reserve by Total Apps for DV Business Plans, EIN: 47-3692891;

    p. any and all funds held on reserve by Vision Payment Systems for Tax Pilot, EIN: 47-5683968;

    q. any and all funds held on reserve by Quantum Electronic for Sunrise Accounting, EIN: 81-5066932;

    r. any and all funds held on reserve by Quantum Electronic for Spearhead Branding Inc., EIN: 81-3566175; and

    s. any and all funds held on reserve by Vision Payment Systems for Odyssey Tax and Accounting, EIN: 81-1158151;

(a. through s., collectively, the Specific Property);

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,500,000 in United States currency, representing proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and the property involved in Count Three of the Information, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Robert B. Sobelman, and Sheb Swett, of counsel, and the Defendant and his counsel, Thomas C. Rotko, Esq., that:

1. As a result of the offense charged in Counts One and Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,500,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and the property involved in Count Three of the Information, shall be entered against the Defendant.

2. As a result of the offense charged in Counts One and Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JASON SAGER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and

Forfeitures shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

      6.     Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties and Forfeitures, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

      7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

      8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

14. The signature page of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          11/1/22
KIERSTEN A. FLETCHER                    DATE
ROBERT B. SOBELMAN
SHEB A. SWETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238 / 2616 / 6522


JASON SAGER

By: _____          11/1/22
JASON SAGER                             DATE


By: _____          11/1/22
THOMAS C. ROTKO, ESQ.                   DATE
Attorney for Defendant
305 Madison Avenue, Suite 650
New York, New York 10165


SO ORDERED:

_____              November 1, 2022
HONORABLE SIDNEY H. STEIN               DATE
UNITED STATES DISTRICT JUDGE